Proc. § 3247, relating thereto. Waring v. Barret, 2 Cow. 460; Norton v. Rich, 20 Johns. 475; Schoolcraft v. Lathrop, 5 Cow. 17; Jackson v. Van Antwerp, 1 Wend. 295; Colvard v. Oliver, 7 Wend. 497. In such cases the statute, by giving a remedy for the enforcement of the right, does not necessarily exclude other remedies, except by express words. Platt v. Sherry, 7 Wend. 238; Irving v. Britton, 8 Misc. Rep. 208, 28 N. Y. Supp. 529. At common law, and under the Revised Statutes and the Codes, the remedy to enforce this liability has uniformly been a summary one, and an order to pay, enforced by attachment or proceeding for contempt. We are aware of no authority, however, holding that an action could not be maintained if the summary proceeding would not be an adequate, effective remedy, and our conclusion is that an action can be brought under such circumstances. Under conditions somewhat like those existing here, Judge Nelson in McDougall v. Richardson, 3 Hill, 558, said:

"The only question arising upon this demurrer is whether an action of debt may be maintained to recover a bill of costs, ordered to be paid by a court of common pleas, on the decision of a special motion. The usual remedy is by attachment, but here the party has gone without the jurisdiction of the court, and thus prevented a resort to that kind of process. I agree that it would be very unfit to entertain an action where it was in the power of the court making the order to enforce obedience by attachment. Neither necessity nor convenience call for the action in such a case. But where the defendant has gone beyond the jurisdiction of the court, and left it powerless in respect to the more appropriate and summary remedy, it is obvious that a failure of justice must ensue from the mere act of the delinquent party unless an action at law be permitted."

Apparently there is no reason why this recovery should not be had, unless it be that the remedy under the statute cannot be applied by reason of the absence of the defendant from the state and such remedy is the exclusive one. We are not willing to permit defendant's escape from the liability on such a ground.

Interlocutory judgment affirmed, with costs, with leave to the defendant to plead over upon payment of costs of the demurrer and of this appeal. All concur.

---

### RICHARDSON v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, Fourth Department. November 13, 1907.)

1. CARRIERS—LIMITATION OF LIABILITY—NEGLIGENCE.

In a contract with a carrier for the transportation of goods, a condition that if a claim for damages be not presented within 30 days after delivery there shall be no liability therefor does not apply to and will not relieve the carrier from responsibility for negligence.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Carriers, § 654.]

2. SAME.

Where a carrier is sued for damages occasioned by the freezing of apples in transportation, due to the failure of the carrier promptly to transport them, the action is one for negligence, and not for breach of contract; and hence it is unnecessary for plaintiff to comply with a condition that if a claim for damages be not presented within 30 days after delivery there shall be no liability therefor.

3. SAME—WAIVER OF NOTICE OF LOSS.

Where a carrier is sued for damages occasioned by the freezing of apples in transportation, due to the failure of the carrier promptly to transport them, and answers by way of general denial merely, it thereby waives a condition that if a claim for damages be not presented within 30 days after delivery there shall be no liability therefor.

4. SAME.

In such a case the carrier's motion for a nonsuit, because of plaintiff's failure to prove a cause of action and defendant's negligence and plaintiff's freedom from contributory negligence, deprived it of the benefit of a condition that if a claim for damages be not presented within 30 days after delivery there shall be no liability therefor.

Appeal from Special Term, Erie County.

Action for damages by Charles Richardson against the New York Central & Hudson River Railroad Company. From a judgment and order of the Supreme Court, affirming a judgment of the Municipal Court, defendant appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Pooley & Spratt, for appellant.

Edward P. White, for respondent.

WILLIAMS, J. The judgment and order should be affirmed, with costs. The action was brought to recover damages occasioned by the freezing of a quantity of apples while being transported from Alexander, N. Y., to Shreveport, La. The facts are not here controverted. The apples were substantially spoiled while in transit by reason of the fault and negligence of the defendant.

The question involved on this appeal are legal in their nature. The appellant claimed that the cause of action was on contract, and that there could be no recovery because the plaintiff failed to comply with a condition, prescribed in the contract, that the claim for damages should be presented in writing promptly, and, if delayed more than 30 days after delivery or time for delivery, there should be no liability therefor. The plaintiff claimed the action was at common law for negligence, and that the condition above referred to had no application to such a claim. The Municipal Court held the action was for negligence, and that the defendant, by failing to set up in the answer a failure to comply with the 30-day clause, had waived it. The Supreme Court affirmed the Municipal Court, on the ground that the defendant, in its motion for a nonsuit, omitted to state as a ground therefor the failure to comply with the 30-day condition.

There seems to have been no evidence whether a claim in writing was presented within 30 days or not. It seems to us that under the complaint the action must be regarded as one for negligence, and not for breach of contract. There is an allegation of the contract, it is true, but no allegation of breach thereof. The allegations are that, having by contract assumed the relation of common carrier, the defendant failed to perform its duty or to exercise care in transporting the apples, and was guilty of negligence which caused the injury and consequent damages. The answer, so far as these allegations were concerned, was merely a general denial. The plaintiff put in evidence

the contract containing the 30-day clause, and proved that the freezing of the apples resulted from negligence in failing promptly to transport them beyond the state of New York, where it became quite cold, to a warmer climate further south. The defendant moved for a nonsuit on three grounds: (1) A failure to prove any cause of action; (2) a failure to prove defendant's negligence; (3) a failure to prove plaintiff's freedom from contributory negligence. The defendant, therefore, seems to have regarded the action as one for negligence; and it in no manner suggested that it sought to defeat the plaintiff's right to recover by reason of a failure to comply with the 30-day condition in the contract. It seems to be settled in this court that such a condition as the one in question does not apply to and will not relieve a common carrier from responsibility for negligence. Security Trust Co. v. Wells, Fargo & Co., 81 App. Div. 426–431, 80 N. Y. Supp. 830, affirmed on opinion of court below 178 N. Y. 620, 70 N. E. 1109. Isham v. Erie R. R. Co., 112 App. Div. 612, 98 N. Y. Supp. 609, and the cases therein cited.

This principle of law would seem to dispose of this appeal, without considering the specific grounds stated in the Municipal and Supreme Court at Special Term for their decisions. We think, however, the Municipal Court was right in holding that in this action a failure to plead the 30-day claim waived it. The presentation of the claim was not a condition precedent to the right to recover for negligence, though it may have been if recovery had been sought for breach of contract. The condition was made as part of the contract, and had no reference to a claim for negligence outside the contract. And we think the Supreme Court, at Special Term, was right in holding that the defendant could not have the benefit of the ground that the 30-day clause had not been complied with, because no such ground for a nonsuit was stated on the motion. If it had been, possibly the plaintiff might have given some evidence showing compliance with such condition. This principle is well established and was very properly applied in this case.

Judgment and order affirmed, with costs. All concur.