**182** Ideal Concrete Machinery Co. *v.* Western Union Tel. Co.

Appellate Term, First Department, December, 1925.     [Vol. 126

Ideal Concrete Machinery Company, Respondent, *v.* The Western Union Telegraph Company, Appellant.

Supreme Court, Appellate Term, First Department, December 10, 1925.

Telegraphs and telephones — action by sender of interstate telegram for failure to transmit correctly — failure of plaintiff to make claim within sixty days good defense under 36 U. S. Stat. at Large, 539, chap. 309.

In an action by the sender of an interstate telegram for damages caused by the omission of a word by the defendant in the transmission, the failure of the plaintiff to present its claim within sixty days after the message was filed for transmission, as required by a rule of the defendant filed with the Interstate Commerce Commission, pursuant to the Federal act of June 18, 1910 (36 U. S. Stat. at Large, 539, chap. 309), is a good defense and the complaint should be dismissed on the merits.

Appeal by the defendant from a judgment of the Municipal Court, Borough of Manhattan, First District, in favor of plaintiff rendered after a trial by the court without a jury.

*Francis R. Stark* and *Homer Brockett,* for the appellant.

*Truesdale, Nicoll, Falk, & Gale* [*Edwin A. Falk* of counsel], for the respondent.

Churchill, J. Plaintiff sues for damages caused by defendant's failure to transmit a telegram accurately. A word included in the message as given was omitted in the transmission. One of the defenses was that claim was not made within sixty days from the time when the message was filed. Plaintiff had judgment below.

The telegram was sent in the course of interstate commerce and the case is, therefore, governed by the Federal act of June 18, 1910. (36 U. S. Stat. at Large, 539, chap. 309.) By that act telegraph companies are required to print and file with the Interstate Commerce Commission their rates, rules, classifications and practices with respect to interstate business; and their rules and regulations so printed and filed are to be deemed reasonable and just until changed by the Commission. Uniform adherence to the rates, rules, practices or regulations so filed is enjoined. (See, also, Interstate Commerce Act [24 U. S. Stat. at Large, 379], § 1, as amd. by 36 id. 544, § 7, and 41 id. 474, § 400; Interstate Commerce Act [24 id. 380], § 6, as amd. by 34 id. 586, § 2; 41 id. 483, § 409 *et seq.*)

Among the rules or regulations so filed by defendant, and not disapproved by the Commission, is the following: " The company will not be liable for damages or statutory penalties in any case where the claim is not presented in writing within sixty days after the message is filed with the company for transmission."

In the present case the message was filed on July 17, 1924, and claim was first made on September 19, 1924. The defendant must, therefore, prevail (*Western Union Telegraph Co.* v. *Czizek,* 264 U. S. 281; *Erie R. R. Co.* v. *Stone,* 244 id. 332; *Gardner* v. *Western Union Telegraph Co.,* 231 Fed. 405), unless one of the rulings in the case first cited justifies a different conclusion. In that case the court enforced the valuation clause printed on the back of the telegraph blank but refused to bar recovery altogether under a clause like the one relied on by defendant here. The court said that the clause " could not be held to apply literally to a case where through the fault of the company the plaintiff did not know of the message until the sixty days had passed. It might be held to give the measure of a reasonable time for presenting the claim after the fact was known, in the absence of anything more." There the plaintiff was the addressee and had no knowledge that the message had been sent until more than sixty days had passed. Here the plaintiff was the sender of the message. It knew when it was sent and was bound to know that any claim it might wish to make would have to be made within sixty days from the filing of the message. It is not helped by the decision referred to. It could easily have found out, within the sixty days, whether or not the telegram had been properly transmitted. Indeed, if ordinarily prudent attention had been given to the matter the error would have been detected very speedily in the regular course of the mails.

It follows that the judgment must be reversed, with thirty dollars costs, and the complaint dismissed on the merits, with costs.

All concur; present, BIJUR, LEVY and CHURCHILL, JJ.