KRIVITSKY & COHEN, INC., Plaintiff, *v.* WESTERN UNION TELE-
GRAPH CO., INC., Defendant.

Municipal Court of New York, Borough of Manhattan, Fourth District,
April 27, 1927.

Telegraphs and telephones — action for gross negligence for defendant's
failure to transmit and deliver unrepeated night letter — defendant
guilty of gross negligence as matter of law in absence of explanation
as to non-delivery — plaintiff was not required to file claim within
sixty days as required by 36 U. S. Stat. at Large, 539, chap. 309 — defend-
ant did not waive failure to file claim but is estopped from raising
question — plaintiff entitled to recover.

Defendant, with whom plaintiff filed an unrepeated night letter for transmission,
is liable to plaintiff for damages, since defendant's failure to explain the non-
delivery of the message is consistent with such a lack of care and vigilance as to
constitute gross negligence as a matter of law.

While a telegraph company has the right to adopt reasonable regulations that
create a contract between the sender of a message and the company, public
policy forbids that such regulations and contract should relieve the company
from liability caused by gross negligence of its agents and employees.

In view of the fact that there was gross negligence on defendant's part, the pro-
visions contained in the Federal act of June 18, 1910 (36 U. S. Stat. at Large,
539, chap. 309), relieving a telegraph company from liability for failure to deliver
a telegram unless the claim therefor is filed within sixty days after the message
was filed for transmission, has no application in this case.

There was no waiver on defendant's part as to the time within which the claim
for damages was to be filed, but the fact that the defendant lulled the plaintiff
into a sense of security, estops the defendant from raising the question of plain-
tiff's failure to file its claim within the required sixty days.

ACTION to recover for gross negligence in failing to transmit a
telegram filed with defendant.

*Morris E. Pike,* for the plaintiff.

*Francis B. Stark* and *Homer Brockett* [*Herman T. Staub* of counsel],
for the defendant.

LEARY, J.   This is an action brought by the plaintiff against
the defendant for gross negligence in failing to transmit a telegram
filed with the latter.   The telegram in question was an " unre-
peated " night letter for which the plaintiff paid to the defendant
a toll charge of seventy-two cents.

The plaintiff is in the fur business in the city of New York,
and on or about the 4th day of February, 1926, in response to
an offer from Henry P. Mirandona & Co. of New Orleans, La.,
to sell certain fur skins, the plaintiff delivered to the defendant
for transmission, a message in writing, as follows:

432 KRIVITSKY & COHEN, INC., *v.* WESTERN UNION TEL. CO., INC.

Municipal Court of New York, April, 1927. [Vol. 129

" HENRY P. MIRANDONA & Co.,
    " 311 North Peter Street, New Orleans, La.:
    " Ship twenty-five hundred seconds large rats must be good also one thousand bare backs as per wire have you any selected large tops also interested in minks and coons. Wire assortment and lowest price.
KRIVITSKY & COHEN."

The message was never delivered and of this fact the plaintiff had some notice within a day or two after it was filed for transmission with the defendant.

On February 11, 1926, in response to inquiries, the plaintiff received a telegram from the defendant informing it that the night letter had been delivered to the addressee. On February 15, 1926, Mirandona & Co., the addressee, sent the following night letter to the plaintiff:

" KRIVITSKY & COHEN,
    " 135 West 26th St., New York, N. Y.:
    " We have been taking up the matter of your telegram of February fourth and the Western Union so far claims not to have received the night letter you refer to. Under the condition we hardly think that you can hold us.    HY. P. MIRANDONA & CO."

On February 25, 1926, the defendant sent the following letter to Mirandona & Co.:

" I appreciate your letter of February 24, directing my attention to the night letter dated New York City, February 4, signed Krivitsky & Cohen. As soon as it is possible to collect our records, and to find out why this message did not reach you, I shall be glad to write you again."

On April 30, 1926, the defendant sent the following letter to the plaintiff:

" Your telegram of February 4, to Henry P. Mirandona & Co., 311 North Peter Street, New Orleans, La., was not delivered because it failed in transmission. It is unfortunate that the safeguards exercised to prevent just such an occurrence should have proved ineffectual in this instance and you may rest assured that this irregularity has received careful attention. In view of the non-delivery, I am refunding the tolls charged for the message and I want to express my sincere regret at any misunderstanding or annoyance which may have been experienced."

On May 18, 1926, the plaintiff through its attorney, filed a written claim with the defendant for its failure to transmit and deliver the night letter in question.

The contention of the defendant is that this telegram was sent

in the course of interstate commerce and the case is, therefore, governed by the Federal act of June 18, 1910 (36 U. S. Stat. at Large, 539, chap. 309; U. S. Comp. Stat. § 8563 *et seq.*). By that act telegraph companies are required to print and file with the Interstate Commerce Commission the rates, rules, classifications and practices with respect to interstate business and these rules and regulations as printed and filed are to be deemed reasonable and just until changed by the Commission. (See, also, Interstate Commerce Act [24 U. S. Stat. at Large, 379], § 1, as amd. by 36 id. 544, § 7, and 41 id. 474, § 400; Interstate Commerce Act [24 id. 380], § 6, as amd. by 34 id. 586, § 2; 41 id. 483, § 409 *et seq.*) Among the rules or regulations as filed by the defendant and not disapproved by the Commission, is the following: " The company will not be liable for damages or statutory penalties in any case where the claim is not presented in writing within sixty days after the message is filed with the company for transmission." (See *Ideal Concrete Machinery Co.* v. *Western Union Telegraph Co.*, 126 Misc. 182.)

In the case at bar the message was filed for transmission on February 4, 1926, and the claim for the failure of the defendant to transmit and deliver the same was filed with it by the plaintiff's attorney on May 18, 1926, or in other words, more than sixty days after the message was filed with the defendant for transmission, and it, therefore, asserts that it must prevail under the case of *Western Union Telegraph Co.* v. *Czizek* (264 U. S. 281), cited with approval in *Ideal Concrete Machinery Co.* v. *Western Union Telegraph Co. (supra)*.

The plaintiff refutes this contention on two grounds, *first*, that there was a waiver by the defendant of the regulation regarding presentation of the claim to be made within sixty days after the filing of the telegram, and *second*, that this action sounds in tort for gross negligence in failing to transmit and deliver the night letter in question, and not in contract; therefore, the time limit under the Federal statute in which to file a claim does not apply.

While I agree with the defendant that there was no waiver on its part as to the time within which the claim for damages was to be filed, I do believe that the defendant by its telegram to the plaintiff of February eleventh, in which it stated that the message had been delivered to the addressee and in not advising the plaintiff until April thirtieth of its having failed to transmit and deliver the message, lulled the plaintiff into a sense of security and feeling that the fault might lie with the addressee and not with the defendant, and it is thereby estopped to raise the question of the plaintiff's failure to file its claim within the required sixty days.

28

434 KRIVITSKY & COHEN, INC., *v.* WESTERN UNION TEL. CO., INC.

Municipal Court of New York, April, 1927. [Vol. 129

" A waiver has been defined to be the intentional relinquishment of a known right." (*Clark* v. *West*, 193 N. Y. 349, 360.)  In the case of *Draper* v. *Oswego County Fire R. Assn.* (190 N. Y. 12, 16), cited with approval in the *Clark Case* (*supra*), Chief Judge CULLEN said: " While that doctrine [meaning waiver] and the doctrine of equitable estoppel are often confused in insurance litigation, there is a clear distinction between the two.  A waiver is the voluntary abandonment or relinquishment by a party of some right or advantage.  * * * While the principle may not be easily classified, it is well established that if the words and acts of the insurer reasonably justify the conclusion that with full knowledge of all the facts it intended to abandon or not to insist upon the particular defense afterwards relied upon, a verdict or finding to that effect establishes a waiver, which if it once exists, can never be revoked.  The doctrine of equitable estoppel, or estoppel *in pais*, is that a party may be precluded by his acts and conduct from asserting a right to the detriment or prejudice of another party who, entitled to rely on such conduct, has acted upon it."

In *Oklahoma State Bank* v. *Galion Iron Works & Mfg. Co.* (4 F. [2d] 337) the court held: " To constitute an ' estoppel,' in the absence of false representations by the party sought to be estopped, he must have been guilty of such conduct as to have given the person pleading the estoppel reason to believe that a state of facts existed inconsistent with those now asserted against him and in reliance on which he acted."

On the facts here presented, it cannot be said that the plaintiff was not on the alert, nor can it be said it was not ordinarily prudent.

But irrespective of whether or not the defendant is estopped from asserting as a defense the plaintiff's failure to comply with the requirement that he file his claim within sixty days after the message was filed for transmission, the defendant's liability to answer to the plaintiff for its damage rests upon another theory.

While the Federal statute places telegraph companies, so far as interstate commerce is concerned, under the direct supervision of the Interstate Commerce Commission, and has permitted such companies to make rules and regulations for the conduct of their business which shall be deemed reasonable until changed by such Commission, it does not change the common-law rule of liability, nor does it prevent an aggrieved party from instituting a common-law action in the State courts.

Under the complaint the action must be regarded as one for gross negligence in failing to transmit and deliver the message filed.  The defendant has failed to explain this non-delivery.  An absolute failure to deliver a message, unexplained by the defendant,

is *prima facie* gross negligence as a matter of law, and does not come within that class of peculiar risks and hazards which arise in the accurate performance of its duty by a telegraph company. It is not a case of an inadvertent or mistaken act of incorrectly transmitting the message or a delay due to atmospheric or other conditions to which the transmission of telegraphic messages is subject and which are not common to other enterprises.

While the right of a telegraph company to adopt reasonable regulations that create a contract between the sender of a message and the telegraph company is unquestioned, notwithstanding this right, public policy forbids that such regulations and contract shall relieve a telegraph company from liability caused by gross negligence of its agents and employees. (*Kiley* v. *Western Union Telegraph Co.*, 109 N. Y. 231; *Halsted* v. *Postal Telegraph-Cable Co.*, 193 id. 293; *Weld* v. *Postal Telegraph-Cable Co.*, 199 id. 88.)

To establish its right to recover it was necessary for the plaintiff to prove that the defendant was guilty of gross negligence in failing to transmit the message in question. The plaintiff has met this burden, and the defendant's failure to explain this non-transmission and delivery establishes its gross negligence as a matter of law.

This rule is one of necessity, for it is seldom or never possible for the sender of a message to show gross negligence in the company beyond the mere fact that it failed to deliver the message. If its failure was not due to gross negligence, the means of showing the fact it exclusively within its own possession, and from the nature of the case the plaintiff will seldom be able to produce evidence in rebuttal.

While other jurisdictions fail to recognize a distinction between ordinary and gross negligence, the decisions of the courts of this State, have uniformly recognized a distinction between ordinary and gross negligence. (*Weld* v. *Postal Telegraph-Cable Co.*, 210 N. Y. 59, 71.)

The rule in this State is that individuals and corporations engaged in a quasi-public business cannot contract to absolve themselves from liability for their own willful misconduct or gross negligence. (*Weld* v. *Postal Telegraph-Cable Co.*, 199 N. Y. 88, and authorities cited.) These cases hold that a regulation limiting the liability of a telegraph company with respect to an "unrepeated" message to the price paid for sending it is reasonable, but that it does not relieve such a company against the consequences of its gross negligence.

In *Pierce Co.* v. *Western Union Telegraph Co.* (177 N. Y. Supp. 598; 599) the court said: "Where the action is not based upon gross negligence, and the message is not repeated, the damages are limited

to the amount received for sending the same, provided the contract so stipulates. * * * But a telegraph company cannot limit its liability by any such provision, where the action is based upon gross negligence." And (at pp. 599, 600): "The failure to present a notice of claim is set up in the answer as a defense, and where the action is based on the contract it is necessary for the plaintiff to show that he complied with this provision in the contract. *Young* v. *Western U. T. Co.*, 65 N. Y. 163. It has been held, however, that this provision relating to notice of claim does not apply to a cause of action where the action is based upon negligence. *Richardson* v. *N. Y. C. & H. R. R. R. Co.*, 122 App. Div. 120, 122; 106 N. Y. Supp. 702; *Isham* v. *Erie R. R. Co.*, 112 App. Div. 612, 618; 98 N. Y. Supp. 609."

In the instant case the complaint sets forth an action in gross negligence and, therefore, the sixty-day provision does not apply. Nor are the decisions of the Federal courts to the contrary.

*Ideal Concrete Machinery Co.* v. *Western Union Telegraph Co.* (*supra*), relied upon by the defendant, differs from the case at bar in that in the former case there was no gross negligence; and in the case of *Western Union Telegraph Co.* v. *Czizek* (*supra*), upon the authority of which the *Ideal Concrete Machinery Co.* case was decided, the court also found no gross negligence. In that case, by inadvertence, a clerk put the message in a file of earlier dispatches, instead of upon a hook, and it was not sent. The District Court found no gross negligence, but the Circut Court of Appeals found the company guilty of gross negligence. The United States Supreme Court in reversing the judgment limiting the amount recoverable and finding no gross negligence said (at p. 285): "At all events something more would have to be shown than is proved here to take the case out of the general rule. The act of the receiving clerk cannot reasonably be supposed to have been more than a momentary inadvertence. It was not a wilful wrong."

Neither was there any gross negligence on the part of the telegraph company in the case of *Western Union Telegraph Co.* v. *Esteve Bros. & Co.* (256 U. S. 566), also relied upon by the defendant in this action.

The failure to explain the non-delivery of the message by the defendant is consistent with a lack of care and vigilance in the performance of its duty towards the plaintiff, which to my mind constitutes gross negligence, and for which neglect the defendant must answer to the plaintiff in damages for his total loss arising therefrom.

I hereby find and decide that after trial the plaintiff is entitled to recover from the defendant the sum of $650.