LYTTLETON B. P. GOULD, Appellant, *v.* WILLIAM S. MURRAY and HENRY FLOOD, JR., Respondents.

First Department, April 14, 1938.

*William Cattron Rigby* of counsel [*William J. Carr* with him on the brief; *Davies, Auerbach & Cornell*, attorneys], for the appellant.

*Robert W. Bernard* of counsel [*Thomas G. Prioleau* with him on on the brief; *Wayland & Bernard*, attorneys], for the respondents.

PER CURIAM. The trial court, at the close of the plaintiff's case, granted defendant's motion to dismiss the cause of action on the merits.

The action is one to recover damages for wrongful interference with contract rights.

It is true that at no time did the plaintiff have formal written contracts with Columbia Railway and Navigation Company and the Lexington Water Power Company. However, the court should have received in evidence many of the documents excluded, particularly Exhibits 55, 177 and 209 for identification. The documents were offered for the purpose of establishing the existence of the contract of employment between plaintiff and those companies. They contained statements in the nature of offers by plaintiff to be so employed on the terms expressed therein. It was testified that these offers were accepted orally. The statements contained in the documents were not objectionable as self-serving declarations. They related to transactions then being had with plaintiff's alleged employers and constituted proof of the contract.

Giving these documents and the oral proof the benefit of the rule requiring that the most favorable inference be drawn in plaintiff's favor, a contract of employment was established *prima facie*.

Further applying said rule, we find proof that plaintiff acquainted defendants with the fact that he was employed by the aforesaid corporations. The evidence also established circumstances which might indicate an unlawful and malicious interference with said contract by defendants, to plaintiff's damage.

A *prima facie* case was established, and it was improper for the trial court to order a nonsuit.

The judgment should be reversed and a new trial ordered, with costs to the plaintiff to abide the event.

Present.— MARTIN, P. J., GLENNON, DORE, COHN and CALLAHAN JJ.; GLENNON and DORE, JJ., dissent.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.