MAXINE MACDONALD, Appellant, *v.* WESTERN UNION TELEGRAPH Co., Respondent.

Supreme Court. Appellate Term, First Department, May 2, 1941.

*Gresser & Walker* [*Nathan Walker* of counsel], for the appellant.

*Francis Raymond Stark* and *Herbert T. Staub* [*Homer Brockett* of counsel], for the respondent.

SHIENTAG, J. This is an appeal from a dismissal of the complaint at the close of the plaintiff's case.

The plaintiff sues for damages caused by the defendant's failure to deliver a night letter addressed to the plaintiff at Overbrook, Pa. The wire was sent by one Fields, who filed it with the defendant for transmission at defendant's office in New York city on August 20, 1938 The telegraph blank contained the notation: " Send the following message, subject to the terms on back hereof, which are hereby agreed to." The message read as follows: " I need secretary immediately . Please come yourself or recommend to me at 230 Park Avenue, Telephone Murray Hill 4–2065. Regards, William Fields."

The plaintiff says that this wire was sent by Fields pursuant to an oral contract he had with the plaintiff  By the terms of this con- tract Fields' company was to hire the plaintiff as a secretary for a period commencing some time in August, 1938, and ending in May, 1939, at a salary of thirty dollars a week.  Fields was to inform the plaintiff at her home in Pennsylvania of the exact date when the plaintiff was to start work.

The defendant admits that the night letter was never delivered to the plaintiff and concedes that this is *prima facie* evidence of negligence.  The defendant also admits that it is liable for special damages suffered by the plaintiff, if it is liable at all, because the wire disclosed the general nature of the transaction and put the defendant on notice.  The defendant concedes that it owes a duty to the sendee as well as to the sender of a telegram.  However, the defendant contends that the contract, as expressed on the reverse side of the blank upon which the wire is written, bars any recovery, because subdivision 6 thereof reads: " The company will not be liable for damages or statutory penalties in any case where the claim is not presented in writing within sixty days after the message is filed with the company for transmission."

No written claim was filed with the defendant until February 8, 1939, five months after the message was filed with the defendant for transmission.  However, the plaintiff says that she did not learn of the telegram until some time after December 25, 1938, by which time the sixty-day period had already expired, and that on January 26, 1939, the defendant admitted in writing that the wire had been " lost in delivery."

The lower court granted the defendant's motion to dismiss on the ground that the plaintiff had failed to file her written claim within sixty days after the filing for transmission.

The principal issue on this appeal is this: Assuming that the defendant's breach of duty to the plaintiff has been established *prima facie*, is plaintiff barred from recovering because she failed to file a claim with the defendant within the stipulated time where the plaintiff's ignorance of the facts prevented her from doing this and where this ignorance was caused by the defendant's negligence?

It is now well settled that the sendee as well as the sender has a cause of action against the telegraph company.  (*Wolfskohl* v. *Western Union Tel. Co.*, 46 Hun, 542; *Freschen* v. *Western Union Tel. Co.*, 115 Misc. 289; *Halsted* v. *Postal Tel. Cable Co.*, 193 N. Y. 293.)  However, while this result has been uniformly reached in this country the lines of reasoning upon which it is predicated are diverse.  The sendee stands in no privity with the contracting

parties and his recovery must be upon some other theory. Two views out of the many which have been expressed have been most generally adopted: *First*, that the sendee is a th'rd party beneficiary of the contract between the sender and the telegraph company; and *second*, that the telegraph company is engaged in a public service and thus owes a duty of care to both the sender and sendee, as members of the public. (See on the subject, generally, 22 Cornell L. Q. 576; 2 Williston on Contracts [Rev. ed.], § 376; 1 Wyman on Public Service Corps. § 348 *et seq ;* Pollock on Torts [13th ed.], p 575.)

In New York, although the sendee has a cause of action against the company, it is not entirely clear upon which theory he is permitted to recover. (See New York cases cited *supra; Weld* v. *Postal Tel. Cable Co.,* 210 N. Y. 59, 71; *Krivitsky & Cohen, Inc.,* v. *Western Union Tel. Co., Inc.,* 129 Misc. 431; and cf. *Western Union Tel. Co.* v. *Priester,* 276 U. S 252, 259.)

Where the sender is the plaintiff, whether his suit is grounded in tort or contract, his recovery will be limited by the terms of the contract entered into between himself and the company. In *Kerr SS. Co.* v. *Radio Corp* (245 N Y. 284, 292) the court, per CARDOZO, Ch. J., stated: " Though the duty to serve may be antecedent to the contract yet the contract when made defines and circumscribes the duty (*Gardner* v. *W. U. Tel. Co.,* 231 Fed Rep. 405; 243 U. S. 644; *W. U. Tel. Co.* v. *Czizek,* 264 U. S 281, 284)." In *Gardner* v. *Western Union Tel. Co.* (231 Fed. 405; certiorari denied, 243 U. S 644) the court assumed that the plaintiff-sendee's cause of action was not on the contract, but was an action in tort for damages resulting from the telegraph company's failure promptly to perform its duty to the sendee. Notwithstanding this, it was held that the plaintiff was bound by stipulations contained in the contract made by the sender with the company.

It seems clear, therefore, that in New York a sendee is bound by all the terms of the contract in the ordinary case, that is, where the sendee has received the wire and thus received notice of the contract and is not prevented from complying with one of its conditions because of the telegraph company's own negligence. In such a situation, where the wire is incorrectly and carelessly transmitted, the sendee's right of recovery is limited by the contract.

The sixty-day filing provision of the contract has been held reasonable and valid. (See 36 U S. Stat. at Large, 539, chap 309; *Express Co.* v. *Caldwell,* 21 Wall. 264; *Georgia, Fla. & Ala. Ry.* v. *Blish Co.,* 241 U. S 190, 196; *Postal Tel.-Cable Co.* v. *Warren-Godwin Co.,* 251 id. 27; *Ideal Concrete Machinery Co.* v. *Western Union Tel. Co.,* 126 Misc. 182.) This puts a burden on the sender

to check up within sixty days to see if the message which he filed for transmission has been delivered. If the sender does nothing for sixty days he cannot later sue the company for its negligence.

The plaintiff urges, however, that the sixty-day filing provision of the contract should be given a reasonable interpretation; that it should not be interpreted to apply to a sendee who had no knowledge that a wire was sent until the sixty-day period had expired; that in any event the defendant should be estopped from setting up this clause as a defense when its own negligence prevented plaintiff's compliance therewith. We believe that the contention of the plaintiff is sound.

*Western Union Tel. Co.* v. *Czizek* (264 U. S. 281) is a case in many respects similar to the instant case and, we believe, is determinative on this appeal. There the sendee brought the action because of the defendant's non-delivery of a telegram. Concededly, no claim had been filed with the defendant within sixty days after the receipt of the telegram by the defendant for transmission. The court considered several provisions of the contract found on the reverse side of the telegram to determine whether they were binding on the plaintiff. Two of the clauses dealt with limitations of the amount of the defendant's liability. The court held that these were reasonable and were binding on the sendee as well as on the sender. The court then considered an identically worded sixty-day limitation clause as is here involved, and said, per HOLMES, J.: " This could not be held to apply literally to a case where through the fault of the company the plaintiff did not know of the message until the sixty days had passed. It might be held to give the measure of a reasonable time for presenting the claim after the fact was known, in the absence of anything more " (p. 286).

The court concluded that the plaintiff-sendee was not barred because he had failed to file his claim within the sixty-day period. It is true that in that case the sender was an agent of the sendee, but the court did not base its decision on this fact. Also, the sender's son made inquiries at the defendant's transmission office and on two occasions he was informed by the defendant's agent that the wire had been delivered to the plaintiff. Again, the court did not stress this fact in its opinion. The defendant argues that an estoppel theory was the basis of the holding in the *Czizek* case. The defendant urges that the Supreme Court decided that where the telegraph company, by affirmative acts of negligence, prevented the sender from knowing of its failure to deliver, the company will be estopped from relying on the sixty-day clause when sued by the sendee; but this contention is not supported by the rationale of the decision in the *Czizek* case.

Since the decision in the *Czizek* case, other courts have followed the rule contended for by the plaintiff. In none of these cases is the decision limited to or based upon an estoppel theory. (*Freeman v. Western Union Tel. Co.*, 147 S. C. 423; 145 S. E. 294; *Western Union Tel. Co.* v. *Chappelle*, 180 Ark. 422; 21 S. W. [2d] 964; *Western Union Tel. Co.* v. *Geyer*, 193 Ark. 934; 103 S. W. [2d] 931; and see *Ideal Concrete Machinery Co.* v. *Western Union Tel. Co.*, *supra*.)

We do not believe that the *Czizek* case logically can be explained on an estoppel theory. A party claiming the benefit of an estoppel must show that he was induced to believe a false state of facts and that he acted in reliance thereon. (*Oklahoma State Bank* v. *Galion Iron Works & Mfg. Co.*, 4 F. [2d] 337.) In other words, before the doctrine of estoppel could have been applied in favor of the plaintiff-sendee in the *Czizek* case, the court would have had to find that the sendee, in addition to the sender, was misled by the company's misrepresentations to the sender. Such a finding was impossible under the circumstances, since the sendee had no knowledge of the misrepresentations and could not have been misled by them, when he did not even know that a wire had been sent.

The sender knows that the wire has been filed for transmission and if he does not investigate and submit his claim within the sixty days as provided for, it is no one's fault but his own. In that event, the sender could not recover for failure to deliver the telegram unless the company by additional affirmative negligent acts prevented the sender from investigating or lulled the sender into a false sense of security so that he failed to investigate. These affirmative acts might estop the company from relying on the sixty-day filing clause as a defense. (*Krivitsky & Cohen, Inc.*, v. *Western Union Tel. Co.*, *supra*.) The sendee, however, has no knowledge that the message has been filed for transmission and has no occasion to investigate until obtaining such knowledge. It is no answer to argue that the sender might have investigated and informed the sendee. The sender's fault, if any, in not investigating should not prejudice the innocent sendee; the latter's rights should not be made dependent on those of the former. In the situation here presented the sendee was entitled to file a claim against the company within a reasonable time, not to exceed sixty days, after she discovered or in the exercise of due care should have discovered that the telegram had not been sent. The sendee, however, is bound by the provision in the contract limiting the amount of recovery.

It follows that the lower court erred in dismissing the plaintiff's complaint at the close of her case. The plaintiff claims that the lower court erroneously excluded evidence tending to show that the

plaintiff had an oral contract of employment with the sender of the wire for a definite term at a fixed salary. If the plaintiff's prospective employment was only a hiring at will the plaintiff would be entitled at most to nominal damages or one day's pay. (*Watson v. Gugino*, 204 N. Y. 535.) Therefore, this evidence was relevant and should have been admitted. (*Gould* v. *Murray*, 253 App. Div. 646.)

Accordingly, the judgment appealed from is reversed and a new trial ordered, with thirty dollars costs to the appellant to abide the event.

All concur. Present — McCook, Shientag and Miller, JJ.