JOHN WOLYNSKI, Plaintiff, *v.* WESTERN UNION TELEGRAPH COMPANY, Defendant.

Supreme Court, Erie Special Term, February, 1922.

**Telegraph companies — unrepeated interstate message — rates filed with interstate commerce commission control — act of congress June 18, 1910, chap. 309, § 7 — damages for delay in delivery — limited liability under federal law — statutes of states and decisions of state courts superseded.**

By act of congress, June 18, 1910, chap. 309, § 7 (U. S. Comp. Stat. § 8563) telegraph companies engaged in interstate commerce are brought within the Act to Regulate Commerce and the only rate for an unrepeated message between Providence, R. I., and Buffalo, N. Y., is that fixed by the tariff schedules on file with the interstate commerce commission, and the limitation of liability therein becomes the lawful condition upon which the message was sent.

The United States Supreme Court having decided that under section 3 of the Act to Regulate Commerce the liability of a telegraph company for errors in transmissions and delays in delivering an unrepeated interstate telegram is limited to the damages specified in the schedule of tariffs filed with the interstate commerce commission, that a contract cannot be made increasing that liability, and that the failure to make a contract cannot create a liability under the common law, the statutes and decisions of the states are to be deemed superseded and are of no assistance in an attempt to establish another and different liability.

SUBMISSION of controversy upon an agreed statement of facts.

*David Diamond,* for plaintiff.

*Locke, Babcock, Spratt & Hollister (Harry J. Kelley,* of counsel), for defendant.

BROWN, J.    December 27, 1920, the plaintiff's niece telephoned to the office of the defendant at Providence, R. I., a message to be transmitted by the defendant to the plaintiff at 28 Milnor street, Buffalo, N. Y., as follows:

" Mother to undergo dangerous operation.  Come if possible. Wire answer.  Rose," which message was duly delivered to the plaintiff.  Later on the 27th day of December, 1920, the plaintiff's niece telephoned to the same office of the defendant a message to be transmitted to the plaintiff, at the same address, as follows:

" Dear uncle, mother's operation will be very dangerous. If only possible, think you had better come. Wire answer. Rose," which message, owing to negligence of the defendant, was not delivered to the plaintiff until the 29th day of December, 1920.

On the 28th day of December, 1920, the plaintiff's niece telephoned to the defendant's same office, for transmission to plaintiff at the same address, as follows:

" Don't leave until you hear from me. Have hopes of saving mother without operation. Rose," which message was delivered to the plaintiff on the same day. Had these messages been delivered in their proper order plaintiff would have been advised that there was no necessity of his going to Providence. By reason of the fact that the second message of the twenty-seventh of December was not delivered until the twenty-ninth, the plaintiff was advised of the necessity of going to Providence, and he made the journey at an expense of $100.

If the common-law liability of the defendant may be invoked by the plaintiff, he is entitled to recover his damages, consisting of the expense of the trip. *Pearsall* v. *Western U. T. Co.*, 124 N. Y. 256.

In many cases against this defendant the liability for damages occasioned by the defendant's negligence in the delay of delivering or error in transmitting a message has been held to be determined by the contract governing the transaction. In those cases the provisions of the contract, the terms printed upon the telegraph blank upon which the message was written had to be brought home to the sender in order to be legally binding upon him. *Primrose* v. *Western Union Tel. Co.*, 154 U. S. 1; *Pearsall* v. *Western U. T. Co., supra; Breese* v. *U. S. Tel. Co.*, 48 N. Y. 132; *Kiley* v. *Western U. Tel. Co.*, 109 id. 231; *Halstead* v. *Postal Telegraph-Cable Co.*, 193 id. 293; *Weld* v. *Postal Telegraph-Cable Co.*, 199 id. 88.

By act of congress June 18, 1910 (36 U. S. Stat. at Large, chap. 309, § 7; U. S. Comp. Stat. § 8563), telegraph companies engaged in interstate commerce were brought within the Act to Regulate Commerce. The messages from Providence, R. I., to plaintiff at Buffalo, N. Y., are governed by the provisions of that act. They were not written upon any blank of the defendant and were not the subject of any special contract between the sender and the defendant. In the act of congress of June 18, 1910, it is provided that telegraph messages might be " classified into * * * repeated, unrepeated * * * and such other classes as are just and reasonable; and different rates may be charged for the different classes of messages." It is stated in the agreed statement of facts that the messages to the plaintiff were unrepeated messages; that the rate

paid was the unrepeated rate for messages between Providence, R. I., and Buffalo, N. Y., according to the tariff schedule covering such messages and on file with the interstate commerce commission; that the tariffs on file contain the following clause: " 1. The Company shall not be liable for mistakes or delays in the transmission or delivery, or for non-delivery, of any unrepeated message, beyond the amount received for sending the same; nor for mistakes or delays in the transmission or delivery, or for non-delivery, of any repeated message, beyond fifty times the sum received for sending the same, unless specially valued; nor in any case for delays arising from unavoidable interruption in the working of its lines; nor for errors in cipher or obscure messages." The rate thus formally adopted and filed was the only lawful rate for an unrepeated message, and the limitation of liability became the lawful condition upon which it was sent.    *Postal Tel.-Cable Co.* v. *Warren-Godwin Co.*, 251 U. S. 27.

The plaintiff contends that the message in question having been telephoned to the defendant's office in Providence, R. I., for transmission to plaintiff at Buffalo, N. Y., the plaintiff became entitled to the exercise by the defendant of reasonable care in the transmission and delivery of such message, and to his damages for failure to exercise such care as measured by the common law, that is, his financial loss attributable to such careless act; that there was no contract or agreement made between defendant and the sender governing the transmission and delivery of the message other than the implied one that the defendant would use reasonable care in such service; that the schedules of rates embodying the limited liability of defendant for damages occasioned in the handling of an unrepeated message have no application to the message in question for the reason that the sender had no notice thereof; that the defendant having accepted such message over a telephone and undertaken its transmission and delivery without any notice to the sender or the plaintiff of any condition limiting its liability, plaintiff's damages are to be solely measured by the common law.

In *Western Union Tel. Co.* v. *Esteve Bros. & Co.*, 41 Sup. Ct. Rep. 584, decided June 1, 1921, the plaintiff in sending the message did not use a blank containing the provisions so limiting liability; they did not in fact assent to the limitation of liability; they did not have actual knowledge of the filing of the tariffs with the interstate commerce commission. The plaintiff contended that they were entitled to a verdict for the full amount of their loss. The defendant contended that since the message had not been repeated, the verdict should be limited to the amount received by

it. The plaintiffs had a verdict for $31,095; judgment for plaintiffs was affirmed in the Circuit Court of Appeals (*Western Union Tel. Co.* v. *Esteve Bros. &. Co.*, 268 Fed. Rep. 22). The sole question presented to the Supreme Court for decision was the amount of damages recoverable. Mr. Justice Brandeis, speaking for that court, said: " The lawful rate having been established, the company was, by the provisions of section 3 of the Act to Regulate Commerce, prohibited from granting to anyone an undue preference or advantage over the public generally. * * * The ' act of 1910 was designed to and did subject such companies, as to their interstate business, to the rule of equality and uniformity of rates.' * * * Uniformity demanded that the rate represent the whole duty and the whole liability of the company. It could not be varied by agreement; still less could it be varied by lack of agreement. The rate became, not as before a matter of contract by which a legal liability could be modified, but a matter of law by which a uniform liability was imposed. Assent to the terms of the rate was rendered immaterial, because when the rate is used, dissent is without effect. * * * The limitation of liability attached to the unrepeated * * * rate is binding upon all who send messages to or from * * * [sister states] until it is set aside as unreasonable by the Commission. * * * The rule does not rest upon the fiction of constructive notice. It flows from the requirement of equality and uniformity of rates laid down in section 3 of the Act to Regulate Commerce. * * * Since any deviation from the lawful rate would involve either an undue preference or an unjust discrimination, a rate lawfully established must apply equally to all, whether there is knowledge of it or not." For the error of awarding the actual damage sustained instead of the damages limited by the tariff schedules filed, to wit, the amount paid for the transmission of the message, the judgment was reversed.

It thus appears that the Supreme Court has decided that upon all interstate business the liability of the defendant for errors in transmissions or delays in delivering an unrepeated message is limited to the damages specified in the schedule of tariffs filed with the interstate commerce commission, that a contract cannot be made increasing that liability; that the failure to make a contract cannot create a liability to be measured by the common law.

Congress having occupied the field of regulation with respect to interstate telegrams, and the Supreme Court having decided that the act of congress fixes the liability of the defendant as above set forth, the statutes and decisions of the states are deemed to be superseded, and can be of no assistance in the attempt to establish

another or a different liability. *Gardner* v. *Western Union Tel. Co.*, 231 Fed. Rep. 405; *Postal Tel.-Cable Co.* v. *Warren-Godwin Co.*, 251 U. S. 27. Plaintiff is awarded judgment for eighty-six cents.

Judgment accordingly.