William B. Lawless, J.
Plaintiff moves for an order striking defendant’s affirmative defenses and also for an order dismissing defendant’s answer and granting summary judgment.
This is an action brought by the plaintiff for damages allegedly sustained by him due to the failure of the defendant to deliver a telegram directed to the plaintiff by his employer, General Motors Corporation-Chevrolet Division, advising him to return to work after a period of unemployment. It is not disputed that the message was delivered to the defendant for transmittal and was not delivered to the plaintiff for reasons unexplained. The message was delivered to the defendant for transmittal on September 29,1960. The plaintiff did not learn of the message until December 12,1960. He subsequently on February 6, 1961 made a claim in writing against the defendant for damages by reason of the nondelivery. The defendant answers the complaint with general denials and two affirmative defenses:
(1) That by virtue of article 5 (§ 90 et seq.) of the Public Service Law of the State of New York, in effect at the time when the alleged cause of action arose, certain regulations, rates, etc., were binding upon telegraph companies and that the plaintiff in turn was bound by the effect of these regulations. That among the regulations was the requirement that a telegraph company should not be liable for damages unless a claim is presented to it within 90 days after the message is filed with the company for transmission. The claim in the instant case was not filed within the said 90 days.
(2) That by virtue of the Public Service Law as aforesaid the defendant’s liability is limited and the limitation of damages *945 which would apply in the instant case to an unrepeated message is $500 and that if the defendant is liable for any damages to the plaintiff, those damages may not amount to more than $500.
On this motion for summary judgment, this court has been requested to apply that provision of rule 113 of the Eules of Civil Practice which empowers the court to grant summary judgment to any party other than the moving party, if the circumstances permit.
The provisions of the Public Service Law hereinabove referred to are analogous to and identical in effect with the provisions of the Federal Communications Act which provides for rates and regulations to be filed with the Federal Communications Commission regulating the practice of telegraph companies in interstate commerce. The leading cases dealing with the problem presented in the instant case are decisions of the United States Supreme Court and since the law to be applied to the instant case is analogous to the law applied to cases arising out of interstate commerce, this court will be guided by the decisions of the Supreme Court of the United States where it feels these decisions are applicable.
That the plaintiff as a sendee is bound by the rates and provisions filed with the Federal Communications Commission (or the Public Service Commission) is established law. (Western Union Tel. Co. v. Csizek, 264 U. S. 281; Gardner v. Western Union Tel. Co., 231 F. 405; MacDonald v. Western Union Tel. Co., 176 Misc. 422.)
The fact that the plaintiff might not have been aware of the regulations as filed does not make the regulations inapplicable to him. (Western Union Tel. Co. v. Esteve Bros. & Co., 256 U. S. 566; Wolynski v. Western Union Tel. Co., 118 Misc. 115.)
This court does not agree with the claim of the defendant that the plaintiff may not recover because of failure to file a notice of claim in writing within 90 days after the message was filed for transmission. The plaintiff did not discover that the message had been sent until over two months after the message was filed for transmission. He did, however, file a notice with the defendant within 90 days after he discovered the failure of the defendant to deliver the message. The court in Western Union Tel. Co. v. Czizek (supra) reviewed the question of timeliness where the time limitation was 60 days and notice was not given until after the expiration of such time. The court held that this limitation could not be held to apply literally to a case where, through the fault of the company, the plaintiff did not know of the message until the 60 days had passed. The court construed *946 this limitation as giving the measure of a reasonable time for presenting the claim after the fact was known, in the absence of anything more.
The plaintiff in answer to the defendant’s position in its second affirmative defense that the plaintiff may not recover more than $500 in any event, takes the position that because of the alleged gross negligence of the defendant, the plaintiff is not bound by any such monetary limitation, but may recover on the common-law theory of negligence. This position may have been the correct one prior to the Interstate Commerce Act and the Public Service Law above referred to, but it is no longer the case. In 1934, jurisdiction over interstate telegraph companies was transferred from the Interstate Commerce Commission to the Federal Communications Commission (U. S. Code, tit. 47, § 151 et seq,). Before this legislation the telegraph companies had a common-law liability which varied from State to State. After the legislation, uniformity and equality became the outstanding consideration. Uniformity demanded that the rate represent the whole duty and the whole liability of the company. It could not be varied by agreement, still less by lack of agreement. (Western Union Tel. Co. v. Esteve Bros. & Co., supra.) Once the telegraph company filed its rate with the necessary commission it .was the only lawful rate and the limitation of liability became the lawful condition upon which a message could be sent. If the public, upon payment of the rate, accepted the risk of error in sending an unrepeated message, the company could not, without granting an undue preference or advantage to the plaintiff, give the plaintiff any different treatment than that afforded the public at large. A rate lawfully established applies equally to all and it represents the whole duty and the whole liability of the company. Thus, the old comm on-law liability cannot apply. No degrees of liability are expressed in the regulations and the courts may not annex conditions to the rate affecting its uniformity and equality. (Western Union v. Priester, 276 U. S. 252.)
The New York courts have observed that a party doing business with the telegraph company is afforded the opportunity to protect himself from danger incident to error likely to arise. By sending a message at a repeated rate it charges a higher fee. A failure to exercise the privilege extended at a small expense may result in a loss which might have been obviated by the injured party in the first instance. (Weld v. Postal Tel.-Cable Co., 210 N. Y. 59; Halstead v. Postal Tel.-Cable Co., 120 App. Div. 433.) Whether or not a mistake in transmission might cause serious damage or inconvenience would be within the knowledge of the sender or receiver rather than the operator *947 who transmits. Thus, it is reasonable to place the burden on those who know the subject of the message to decide whether repetition is necessary. The defendant is entitled to insist on compliance with the regulations and that they be thus advised of the extent of their risk. The sender and the defendant entered into the contract which created a duty and obligation on the defendant. The plaintiff cannot claim any greater degree of diligence than that which the parties to the contract stipulated for. (Halstead v. Postal Tel.-Cable Co., supra.)
The plaintiff herein is entitled to partial summary judgment with the amount of his damages to be determined upon a trial of that issue, but in no event may the plaintiff recover more than $500 for the reasons set forth herein.