Jean Pierre SCHAAFS, Plaintiff,

v.

WESTERN UNION TELEGRAPH COMPANY, a foreign corporation, Defendant.

No. 60-C-232.

United States District Court
E. D. Wisconsin.

April 2, 1963.

Russell A. Eisenberg, Milwaukee, Wis., for plaintiff.

Herman E. Friedrich, Milwaukee, Wis., for defendant.

GRUBB, District Judge.

This diversity of citizenship action for damages allegedly resulting from nondelivery of an interstate telegraph money order has been removed from state court. Defendant has moved to dismiss the action or, in the alternative, to strike por-

tions of the complaint referring to damages beyond the aggregate sum of $500.

 Notice of personal injury served on the defendant prior to commencement of the action alleges negligence. The complaint herein sounds in negligence. The parties stipulated on pretrial conference that the factual issue as to liability was predicated on negligence. It is not disputed that the telegraph money order is an interstate message. Liability based on allegations of negligent failure to transmit interstate telegraph messages is limited to that of the contract of transmittal in accordance with federal statute and tariff regulations. Western Union Telegraph Company v. Priester, 276 U.S. 252, 48 S.Ct. 234, 72 L.Ed. 555 (1928); 47 U.S.C.A. §§ 203 and 206; and Western Union Tariff F.C.C. No. 229, paragraph 2(a), issued August 6, 1948, effective September 9, 1948. Under the contract of transmission and federal statute, the limitation of liability and as to recovery in this action is in the amount of $500.

The claim that the limitation on liability and recovery is arbitrary and capricious and constitutes a denial of due process of law to plaintiff must be addressed to the Federal Communications Commission and to Congress, not to this court.

The amount recoverable in this case is less than the requisite jurisdictional amount in diversity of citizenship cases. 28 U.S.C.A. § 1332, as amended July 25, 1958. The contract limitation on liability is part of an approved rate based upon authorized classification of the interstate telegraph message and is controlled by federal law. This limitation was in effect at the time the message was sent and at the time the complaint was filed. Defendant cannot waive or enlarge the controlling statutory provisions in respect to the rate and classification of the message.

The claimed amount in this case is not merely reduced by defensive pleadings conceded by plaintiff. The limitation on recovery in this case appeared as a legal certainty at the time of the filing of the complaint. This court does not have jurisdiction over the cause. See St. Paul Mercury Indemnity Co. v. Red Cab Company, 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938); McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936).

For the foregoing reasons—and see Martin v. Western Union Telegraph Co., 57 F.Supp. 521 (E.D.Wis.1944)—and on the court's own motion,

IT IS ORDERED that the case must be and it is hereby remanded to the Circuit Court for Milwaukee County, State of Wisconsin.