**HARRISON HIGGINS, INC., Plaintiff,**

v.

**AT & T COMMUNICATIONS, INC., Defendant.**

**Civ. A. No. 88–0418–R.**

United States District Court,
E.D. Virginia,
Richmond Division.

Oct. 21, 1988.

Malvin Brubaker, Richmond, Va., for plaintiff.

David G. Shuford, Susan A. Manardo, Mays & Valentine, Richmond, Va., for defendant.

## MEMORANDUM OPINION

RICHARD L. WILLIAMS, District Judge.

This matter is before the Court on cross motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, and the defendant's motion, pursuant to Rule 36(b) of the Federal Rules of Civil Procedure, to withdraw or amend its admissions. For the reasons discussed below, the motions for summary judgment are both GRANTED in part and DENIED in part, and the defendant's motion to withdraw or amend its admissions is DENIED.

## BACKGROUND

Harrison Higgins, Inc. ("Higgins") is a maker of hand-crafted furniture. Harrison Higgins is its president. On March 3, 1987, Higgins ordered from AT & T Communications ("AT & T") an "800" number. He was told by an AT & T representative that the service would be installed by April 13, 1987. Higgins then placed an advertisement in the May 8 issue of the *National Review*, due to go on sale on April 21, incorporating the new 800 number. The advertisement ran, but the service was not installed at the promised time. AT & T claims, and Higgins does not deny, that Higgins notified them of the oversight in August 1987, and that the service was installed at that time.

On May 23, 1988, Higgins filed a warrant in debt in the Richmond General District Court for $877.10, the amount he had spent on the *National Review* advertisement. On June 21, 1988, AT & T petitioned for removal to this court, based on 28 U.S.C. § 1441(b), stating that the warrant in debt in fact stated a cause of action under the Communications Act of 1934, 47 U.S.C. § 151 et seq. ("Act"). Higgins then filed two amended complaints, the second of which, filed August 22, 1988, alleged four causes of action: violation of § 201(a) of the Communications Act for failure to "furnish ... communication services upon reasonable request therefor ..."; breach of contract; negligence; and violation of § 201(b) of the Act because AT & T's practice of removing all causes of action to federal court is a "practice" that is not "just and reasonable," as required by that section.

On September 16, Higgins filed the summary judgment motion at issue here, arguing that since there is no disagreement on the operative facts, and since his state law claims are not preempted by the Act, he is entitled to judgment as a matter of law on all causes of action. Although he moves for summary judgment on his claim under § 201(b) that the *practice* of removing all such claims is unfair and unreasonable, he concedes that the removal in this case is proper. AT & T responded, arguing that Higgins' claims are preempted by the Act, and that AT & T's schedule of tariffs filed with the Federal Communications Commission governs and limits AT & T's liability. Furthermore, they argue that Higgins is not entitled to summary judgment because there remain genuine issues of material fact with respect to both liability and damages.

Finally, AT & T filed two motions on October 4. In the first, they move for leave to withdraw or amend their admissions. They submitted their answers to Higgins' requests for admission three days after the expiration of the thirty-day period specified in Rule 36(a), and now move the Court for leave to withdraw these admissions pursuant to Rule 36(b). In their second motion, for summary judgment, AT & T argues that Higgins' claims are governed by AT & T's Federal Communications Commission tariff, and that AT & T is, therefore, not liable to Higgins as a matter of law.

## DEFENDANT'S MOTION TO AMEND OR WITHDRAW ADMISSIONS

Because the admissions at issue in this motion will be pivotal in the resolution of

the other two motions, I address it first. Rule 36(b) states that the Court may permit withdrawal or amendment of admissions "when the presentation of the merits will be subserved thereby" and when the withdrawal will not prejudice the party that has obtained the admissions. Because the motion fails on the second prong of that test, it is denied.

█ AT & T bases its summary judgment motion on the provisions of its tariff, on file with the F.C.C. in accordance with § 203 of the Act. Paragraph 2.3 of that tariff limits AT & T's liability to the "monthly recurring charge" in cases involving 800 service. However, § 203 requires that AT & T "print and keep open for public inspection" the tariffs filed with the F.C.C., and regulations require that the tariffs be posted in one office per state, and that the telephone number and address of that office be readily available in all other business offices. 47 CFR § 61.72(a)(1)(3). The admissions at issue in this motion would establish that AT & T has not complied with these regulations, with the implication that the tariff does not govern the present action. In view of this, the amendment or withdrawal of these admissions would be highly prejudicial to Higgins. The motion is therefore denied. The Court notes further that AT & T should be reassured by this result, as it is encountering the certainty of rules and uniformity of application that it sought by removing this case to federal court.

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

AT & T also moves the court for summary judgment on all claims. The gist of this motion seems to be that because Higgins' claims are governed by the tariff, they should be dismissed. Although this is based on a misreading of the tariff itself, it is not necessary to reach this issue. The effect of the Court's ruling denying the defendant's motion to withdraw or amend admissions is to remove the tariff from the case. The defendant's motion for summary judgment based on the tariff is, therefore, denied.

In its Memorandum in Opposition to Plaintiff's Motion for Summary Judgment, AT & T presents arguments on several points that serve to support its later motion for summary judgment on all claims. That memorandum will, for those purposes, be treated as a motion for summary judgment pursuant to Rule 56.

█ In its Opposition Memorandum, AT & T argues that Higgins' state law causes of action are preempted, and that Higgins has no cause of action under § 201(b) of the Act against AT & T's practice of removing all cases to federal court. The Court agrees with AT & T on both arguments, and grants summary judgment with respect to Counts II, III and IV of the Amended Complaint of August 22, 1988.

The leading case in this area is *Ivy Broadcasting Co., Inc. v. American Telephone & Telegraph Co.*, 391 F.2d 486 (2d Cir.1968). In that case, the plaintiff charged AT & T with negligence in delay of installation and in operation of phone lines. The Second Circuit held that, "questions concerning the duties, charges and liabilities of telegraph or telephone companies with respect to interstate communications service are to be governed solely by federal law and ... the states are precluded from acting in this area." *Id.* at 491. This decision is supported by cases brought both under the Communications Act of 1934, and its predecessor, the Act of June 18, 1910. *Postal–Tel. Cable Co. v. Warren–Godwin Lumber Co.*, 251 U.S. 27, 40 S.Ct. 69, 64 L.Ed. 118 (1919); *Western Union Tel. Co. v. Boegli*, 251 U.S. 315, 40 S.Ct. 167, 64 L.Ed. 281 (1920); *Western Union Tel. Co. v. Priester*, 276 U.S. 252, 48 S.Ct. 234, 72 L.Ed. 555 (1928); *O'Brien v. Western Union Telegraph Co.*, 113 F.2d 539 (1st Cir. 1940). Each of these cases states that the federal government, through the Act or its predecessor, has occupied the field of interstate telecommunications. *Postal–Tel*, 251 U.S. at 30, 40 S.Ct. at 70; *Boegli*, 251 U.S. at 316, 40 S.Ct. at 167–68; *Priester*, 276 U.S. at 259, 48 S.Ct. at 235; *O'Brien*, 113 F.2d at 541.

The plaintiff correctly points out that the Act includes a "savings clause," § 414

which states, "Nothing in this Act contained shall in any way abridge or alter the remedies now existing at common law or by statute, but the provisions of this Act are in addition to such remedies." This clause has been held to imply that state law causes of action for fraud and deceptive trade practices, *In re Long Distance Telecommunications Litigation*, 831 F.2d 627 (6th Cir.1987), *Bruss Co. v. Allnet Communications Services, Inc.*, 606 F.Supp. 401 (N.D.Ill.1985), *Kellerman v. M.C.I. Telecommunications Corp.*, 112 Ill.2d 428, 98 Ill.Dec. 24, 493 N.E.2d 1045, *cert. denied* 479 U.S. 949, 107 S.Ct. 434, 93 L.Ed.2d 384 (1986), and for invasion of privacy, *Ashley v. Southwestern Bell Telephone Co.*, 410 F.Supp. 1389 (W.D.Tex.1976), are not preempted by the Act. As the Sixth Circuit stated in *Long Distance Telecommunications*, these causes of action do not challenge " 'practices expressly and exclusively regulated ... in 47 U.S.C. § 201,' " and are therefore "saved" by § 414. *Id.* at 633–34, quoting *Ivy*, 391 F.2d at 954. The breach of contract and negligence causes of action in the present case more closely resemble those at issue in *Ivy*, and this Court therefore follows the holding in that case that the federal government, through the Communications Act, has pre-empted these causes of action. The defendant's motion for summary judgment with respect to Counts II and III of the complaint is therefore granted.

The defendant also challenges the plaintiff's cause of action under § 201(b) of the Act. That section states, "All charges, practices, classifications, and regulations for and in connection with such communication service, shall be just and reasonable ..." Higgins argues that AT & T's practice of removing all small-time actions for refunds, such as the present one, is neither just nor reasonable, and thus violates § 201(b). It is not necessary, however, to decide at this time whether the removal of cases might constitute a "practice" under § 201(b) and might furthermore, even if proper, be a violation of that section.

Higgins responded to AT & T's removal by filing two amended complaints, both of which allege causes of action under the Communications Act. As will be further discussed below, the plaintiff in fact has a cause of action under federal common law, and the case is therefore properly removed. *Illinois v. City of Milwaukee*, 406 U.S. 91, 99, 92 S.Ct. 1385, 1390–91, 31 L.Ed.2d 712 (1972) (federal question jurisdiction under 28 U.S.C. § 1331(a) for questions of federal common law); *Nordlicht v. New York Telephone Co.*, 799 F.2d 859, 862 (2d Cir.1986); *Ivy*, 391 F.2d at 492. Furthermore, Higgins has conceded that removal is proper in this case. Plaintiff's Memorandum in Support of his Motion for Summary Judgment at 23. In view of the fact that Higgins is now acceding to and participating in the removal, the question whether AT & T removal practice violates § 201(b) is now moot. *DeFunis v. Odegaard*, 416 U.S. 312, 94 S.Ct. 1704, 40 L.Ed.2d 164 (1974). The defendant's motion for summary judgment on Count IV is therefore granted.

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

■ Higgins moves for summary judgment on all counts. Because Counts II, III and IV are dismissed by this order, I will consider his motion with respect only to Count I. In Count I of his Amended Complaint of August 22, 1988, Higgins alleges that AT & T failed to provide 800 service "upon reasonable request therefor," a violation of § 201(a) of the Communications Act. AT & T, in its Opposition Memorandum, states that service was provided in August, 1987, a fact that Higgins does not deny. The defendant did not, therefore, fail to provide service so much as delay such service past a deadline promised by its own employee. This is not the sort of problem that § 201(a) was designed to resolve. *See United Tel. Co. of the Carolinas v. F.C.C.*, 559 F.2d 720, 723 (3d Cir.1977) (purpose of Act "to protect the public interest rather than to provide a forum for the settlement of private disputes") citing dictum in *Scripps–Howard Radio, Inc. v. F.C.C.*, 316 U.S. 4, 14, 62 S.Ct. 875, 882, 86 L.Ed. 1229 (1942) ("private litigants have standing only as representatives of the public interest").

The Second Circuit faced a similar set of circumstances in *Ivy*. The plaintiff in *Ivy* had originally requested phone service in connection with certain radio broadcasts. It claimed, among other things, that the unreasonable delays in the installation of such service constituted breach of contract and negligence, and that this was a violation of the Communications Act. The Second Circuit held that "[T]he complaint does not show any violation of the [Communications] Act. In the absence of such specific violations, the Act does not expressly grant a remedy for negligence or breach of contract in the rendition of communications service." *Id.* at 489. Higgins does not, therefore, have a cause of action under the Communications Act.

◼ This conclusion did not, however, end the analysis in *Ivy*. Because the federal government has occupied the field, that court held, "[w]here neither the Communications Act itself nor the tariffs filed pursuant to the Act deals with a particular question, the courts are to apply a uniform rule of federal common law." *Id.* at 491; *see also Nordlicht*, 799 F.2d 859 (claims against phone company for money had and received and fraud governed by federal common law); *O'Brien*, 113 F.2d 539 (sending defamatory message covered by federal common law). The claims in the present case are similar to those of *Ivy*. They involve breach of contract and negligence in the provision of interstate telecommunications services, but are not governed by the terms of the Communications Act. Higgins therefore has a cause of action under federal common law. He moves, in the alternative, for summary judgment on this cause of action.

The elements necessary to a breach of contract claim are all present in this case. Plaintiff's Memorandum in Support of his Motion for Summary Judgment alleges that through Mr. Higgins' conversation with Ms. Beverly Travis, AT & T offered its 800 service to Higgins. Higgins accepted that offer, and undertook to pay the monthly charge. The terms of the contract included a promise on the part of AT & T to install that service by April 13, 1988. In reliance on that promise, Higgins placed an advertisement in the May 8, 1988 issue of the *National Review*, a magazine of national circulation, listing the 800 number. The advertisement cost $877.10. AT & T failed to install the service by that time, or any time soon thereafter, thereby breaching its contract with Higgins. In its Memorandum in Opposition to Plaintiff's Motion for Summary Judgment, AT & T offers no facts that contradict those stated in Plaintiff's Memorandum.

◼ Higgins moves for summary judgment in the amount of $3952.10. This amount is the sum of the cost of the advertisement in the *National Review* ($877.10), and the dollar value of the sales that Higgins predicts he lost due to AT & T's breach of contract. He had never taken out such an advertisement before. However, later in the year, he successfully obtained an 800 number, placed an advertisement in the *American Spectator*, and received orders for five dictionary stands. The *American Spectator* has a circulation of 36,000; the *National Review*, 110,000. Based on this proportion, Higgins estimates that he lost 15 sales of dictionary stands. The profit on each stand is $205.00, for total estimated lost profits of $3075.00.

Because Higgins' nationwide promotion of his dictionary stands was essentially a new business, however, he cannot recover for these lost profits. The Fourth Circuit has held, as a matter of Virginia law, that no recovery may be had for the lost profits of a new business. *Lavay Corp. v. Dominion Federal Saving & Loan Ass'n*, 830 F.2d 522, 529 (4th Cir 1987), *cert. denied* — U.S. —, 108 S.Ct. 1027, 98 L.Ed.2d 991 (1988); *Coastland Corp. v. Third National Mortgage Co.*, 611 F.2d 969, 977 (4th Cir.1979). This is in accord with the law of many other states. *Deauville Corp. v. Federated Department Stores*, 756 F.2d 1183 (5th Cir.1985) (Texas law); *Unique Systems, Inc. v. Zotos Int'l, Inc.*, 622 F.2d 373 (8th Cir.1980) (Minnesota law); *U.S. v. Dura–Lux Int'l Corp.*, 529 F.2d 659 (8th Cir.1976) (Iowa law); *Sambo's of Ohio, Inc. v. City Council of City*

*of Toledo,* 466 F.Supp. 177 (D.C.Ohio 1979) (Ohio law).

CONCLUSION

Based on the reasoning above, the Court

1. DENIES the defendant's motion to withdraw or amend its admission;

2. DENIES the defendant's motion for summary judgment based on the tariff;

3. GRANTS the defendant's motion for summary judgment on Counts II, III and IV of the Amended Complaint of August 22, 1988;

4. DENIES the plaintiff's motion for summary judgment on Counts II, III and IV of the Amended Complaint of August 22, 1988; and

5. GRANTS the plaintiff's motion for summary judgment on Count I of the Amended Complaint of August 22, 1988, and ORDERS the defendant to pay the plaintiff the amount of eight hundred seventy-seven dollars and ten cents ($877.10).

Let the Clerk send a copy of this Memorandum Opinion to all counsel of record.