788 F.Supp. 75 (1992)
FINANCIAL PLANNING INSTITUTE, INC., Plaintiff,
v.
AMERICAN TELEPHONE AND TELEGRAPH COMPANY, Defendant.
Civ. A. No. 91-11587-S.
United States District Court, D. Massachusetts.
February 11, 1992.
*76 Blake J. Godbout, Godbout, Brown & Sortevik, Boston, Mass., for plaintiff.
Lawrence G. Green, James A.G. Hamilton, Perkins, Smith & Cohen, Boston, Mass., for defendant.

MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION FOR REMAND
SKINNER, District Judge.
Plaintiff Financial Planning Institute ("FPI") brought suit in Middlesex Superior Court, alleging that defendant American Telegraph and Telephone Co. ("AT & T") overcharged FPI for its AT & T 800 READYLINE, an interstate telephone service (the "800" service). The complaint alleges common law breach of contract through AT & T's failure to accurately record the length of certain "800" telephone calls, resulting in erroneous billings to FPI. FPI also alleges that AT & T's breach of contract constitutes an unfair or deceptive trade practice under M.G.L. c. 93A.
There is no diversity jurisdiction in this case. AT & T removed to this court, claiming federal question jurisdiction under 28 U.S.C. § 1331, on the theory that FPI's claims arise under the Communications Act of 1934, as amended, 47 U.S.C. §§ 151 et seq. (the "Act"). FPI moves for remand to state court, relying on the "well-pleaded complaint" rule. At issue is whether federal law preempts FPI's claims.

Discussion
Generally, "The party who brings suit is master to decide what law he will rely upon," The Fair v. Kohler Die & Specialty Co., 228 U.S. 22, 25, 33 S.Ct. 410, 411, 57 L.Ed. 716 (1913), and "if he can maintain his claim on both state and federal grounds, he may ignore the federal question and assert only a state law claim and defeat removal." Redwood Theatres, Inc. v. Festival Enterprises, Inc., 908 F.2d 477, 479 (9th Cir.1990) (citations omitted). If no federal law claim is apparent from the face of the complaint, without regard to anticipated defenses or counterclaims of the defendant, the case is not removable. See Gully v. First Nat. Bank, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936); Louisville & Nashville R. Co. v. Mottley, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908).
Although "a case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption," Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 14, 103 S.Ct. 2841, 2848, 77 L.Ed.2d 420 (1983) (emphasis added), an exception to this rule is where "a federal cause of action completely pre-empts [the] state cause of action" which is at the heart of the case. Id. at 24, 103 S.Ct. at 2854 (explaining Avco Corp. v. Aero Lodge No. 735, etc., 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968)) (emphasis added). In Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987) the Supreme Court held that the *77 Employee Retirement Income Security Act (ERISA), which expressly provides for an exclusive federal cause of action for certain acts, completely preempted state law claims arising out of the same acts. However, the Court implied that it is a rare federal statute which has "that extraordinary pre-emptive power ... that converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." Id. at 65, 107 S.Ct. at 1547. AT & T argues that the Communications Act is such a statute, notwithstanding the fact that the Act has a savings clause which provides: "Nothing in this Act contained shall in any way abridge or alter the remedies now existing at common law or by statute, but the provisions of this Act are in addition to such remedies." 47 U.S.C. § 414.
The two leading cases dealing with federal preemption of claims over interstate telephone service are Ivy Broadcasting Co. v. American Telephone & Telegraph Co., 391 F.2d 486 (2d Cir.1968) and In re Long Distance Telecommunications Litigation, 831 F.2d 627 (6th Cir. 1987). In Ivy Broadcasting, the plaintiff charged AT & T with negligence and breach of contract in delaying the installation of phone lines. The second circuit held that "questions concerning the duties, charges and liabilities of telegraph or telephone companies with respect to interstate communications service are to be governed solely by federal law and ... the states are precluded from acting in this area." Id. at 491. In In re Long Distance, the plaintiffs were challenging the defendants' practice of charging for uncompleted phone calls on common law fraud and deceit theories. Relying on Nader v. Allegheny Airlines, Inc., 426 U.S. 290, 96 S.Ct. 1978, 48 L.Ed.2d 643 (1976) in which the Supreme Court implicitly held that the Aviation Act did not preempt all state law remedies for misrepresentational torts, the sixth circuit held that the defendants' alleged failure to notify customers of their billing practice was actionable under state law. In re Long Distance, 831 F.2d at 634. The 6th circuit stated, "If the state law claims in the present case related to rates or service rather than failure to disclose, Ivy would be more persuasive." Id.
Courts which have found that federal law preempts all litigation in the field of interstate telephone service have cited the need for nationwide uniformity in regulation of the telecommunications industry. See Ivy Broadcasting at 491; Higgins v. AT & T, 697 F.Supp. 220, 222 (E.D.Va. 1988). While such a need may indeed exist, the lesson of Metropolitan Life is that exceptions to the well-pleaded complaint rule should be allowed only where Congress has "clearly manifested an intent to make causes of action ... removable to federal court." Id. 481 U.S. at 66, 107 S.Ct. at 1548. Not only did Congress not express an intent to provide for an exclusive federal remedy for a breach of contract for telecommunications services, but by enacting the savings clause, Congress specifically provided for the preservation of existing statutory and common law claims in addition to federal causes of action.
FPI's right to sue under its chosen theories is protected by the plain meaning of the savings clause. Because FPI's claims arise exclusively under state law, the well-pleaded complaint rule applies to defeat removal jurisdiction. "[T]he prudent course for a federal court that does not find a clear congressional intent to create removal jurisdiction will be to remand the case to state court." Metropolitan Life at 68, 107 S.Ct. at 1548 (Brennan, J., concurring) (emphasis in original).
Accordingly, the plaintiff's motion for remand is allowed and the case is remanded to the Middlesex Superior Court.